RIVER REALTY COMPANY

*v.*

ROSA BLUMENHEIM et al.

[Decided August 1st, 1910.]

A bill filed under the General Tax law (*P. L. 1903 p. 432 § 59*) to foreclose the equity of redemption must allege that some certain amount is due, otherwise it is demurrable.

On demurrer to bill.

*Mr. Porter* and *Mr. Ernest F. Keer,* for the demurrants.

*Mr. Summerill,* for the complainant.

EMERY, V. C.

A bill to foreclose the right of redemption on a sale for taxes sets out the sale for taxes of $60.28 due and unpaid at the time of the sale, October 19th, 1906, and the purchase by complainant for $72.20 with a delivery of a certificate of sale. The bill is filed under the act of 1903 (*P. L. 1903 p. 432 § 59*) to foreclose the equity of redemption.

The bill fails to allege that any sum is due at the time of filing the bill, and this omission is relied on as one cause of demurrer.

The objection is well founded. Every bill must disclose with sufficient certainty the right of complainant on which the decree is prayed.

Defendant is called into court to be foreclosed on failure to pay a debt charged on his land and the existence and amount of the debt which he is asked to pay is a part of the complainant's case for equitable jurisdiction, which should be stated in the bill as the foundation of complainant's right to the decree for pay-

ment which is prayed. Proof of the amount claimed to be due may undoubtedly be made *prima facie* by the mere production of the certificate of sale, and the burden of proving tender or payment is on the defendant. But this matter of proof required does not affect the necessity of expressly alleging in the bill as the basis of complainant's right to a decree, that a certain debt is due, secured on defendants' lands, for the failure to pay, which debt within the time fixed by the court complainant prays foreclosure of the right to redeem.

In all forms of bills to foreclose mortgages, this allegation as to the amount due appears, and the allegation is not, I think, superfluous. Proof of the amount due is made *prima facie* by the production of the bond and mortgage, but the statement as to the terms of these in the foreclosure bill does not seem to have been considered as of itself a sufficient statement that the amount thus appearing to be due is in fact due on filing the bill. That the facts on which is based complainant's right or title to the equitable relief sought, must be stated with certainty and clearness, is one of the fundamental rules of equity pleading. *St. Eq. Pl.* § *241.* The form of bill in this case was taken from Mr. Black's book on *Taxation,* recognized as a very careful statement of the laws and decisions on taxation, and for that reason I have considered at some length the question of the correctness of the form in this particular, which probably was not specially called to the author's attention.